IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE WAYNE QUICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1122-B-BN |
| | § | |
| JACK PARIS, ET AL., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Stephen Wayne Quick, a Texas prisoner proceeding *pro se*, filed this 42 U.S.C. § 1983 action against the former Sheriff of Hunt County, Texas and attorneys who handled his state court criminal proceedings. *See generally* Dkt. No. 3. Plaintiff has neither paid the filing fee nor filed a freestanding motion to proceed *in forma pauperis*. But, in his complaint, Plaintiff states "that the Court may appoint an attorney for [him] ... as well as authorize the commencement without payment of fees, costs or security." *See id.* at 1. In docketing this action, the Clerk construed this as a motion for appointment of counsel. *See* Dkt. No. 4. And the undersigned now further

-1-

construes it as a motion for leave to proceed *in forma pauperis*.

The undersigned finds that leave to proceed *in forma pauperis* should be denied and that this action should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court. The undersigned further finds that Plaintiff should again be warned, as further explained below.

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* To meet Section 1915(g)'s "imminent danger" requirement, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D.

Fla. July 20, 2006)).

## Analysis

Plaintiff's current filing falls under Section 1915(g)'s three-strikes provision. Plaintiff already has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Quick v. Anderson*, No. 3:06-cv-2096-G, 2006 WL 3626968, at *1 (N.D. Tex. Dec. 13, 2006) (dismissing case as barred by three-strikes provision because Plaintiff had filed seven prior civil actions that were dismissed as frivolous while he was a prisoner).

Under Section 1915(g), Plaintiff may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff alleges that the former Sheriff of Hunt County "attempted to murder [him]" through means of his past incarceration in the Hunt County Jail. *See* Dkt. No. 3 at 3-4. This allegation clearly fails to show that Plaintiff is subject to imminent danger, particularly because he is incarcerated at the Stiles Unit of the Texas Department of Criminal Justice, in Beaumont.

Therefore, Plaintiff should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Warning

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means

*p*]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas County, Tex.*, Civil Action No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

As pointed out above, Plaintiff is no stranger to this Court. Most recently, the presiding judge in this case, United States District Judge Jane J. Boyle, adopting the recommendation of United States Magistrate Judge Irma Carrillo Ramirez, explicitly warned Plaintiff "that if he continues to file civil actions without prepaying the filing fee or making a showing of imminent danger, he could be subject to sanctions, up to and including monetary sanctions payable to the Court." *See Quick v. Castanon*, No. 3:14-cv-3312-B-BH, Dkt. No. 8 (N.D. Tex. Jan. 6, 2015).

By filing this action, Plaintiff has disregarded that warning. As such, the undersigned finds that Plaintiff should be warned that the continued filing of civil actions without prepaying the filing fee or making a showing of imminent danger will subject him to a $100.00 monetary sanction payable to the Court.

## Recommendation

The Court should deny leave to proceed *in forma pauperis* and summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

The Court also should warn Plaintiff that the continued filing of civil actions without prepaying the filing fee or making a showing of imminent danger will subject

him to a $100.00 monetary sanction payable to the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE